**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Robin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Allied Insurance Company of America, et al.,<br><br>　　　　　Defendants. | No. CV-21-00334-PHX-DLR<br><br>**ORDER** |

　　　　Before the Court is Plaintiff's motion to remand. The motion is fully briefed (Docs. 8, 10, 11) and will be denied.

　　　　Pursuant to 28 U.S.C. § 1332, diversity jurisdiction is present when complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Here, diversity of citizenship is undisputed; instead Plaintiff contends that his complaint does not demand an amount in excess of $75,000. Defendants, as the removing party, have the burden of establishing by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When assessing the total amount at stake in the litigation, including damages and attorneys' fees, if applicable, the Court may consider the complaint, notice of removal, and "summary-judgment-type evidence." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Having reviewed the evidence, the Court concludes that the amount-in-controversy requirement has been met.

On December 22, 2018, Plaintiff's business was burglarized. (Doc. 1-3 at 3.) Plaintiff then made a claim under his commercial insurance coverage through Defendants. (*Id.* at 7.) Plaintiff alleges that Defendants thereafter declined to adequately compensate or make Plaintiff whole for the damages arising from the burglary. (*Id.*) Specifically, Defendants offered Plaintiff a check in the amount of $3,127, far less than Plaintiff's inventory of items stolen, in which Plaintiff valued his losses at $35,269.31. (*Id.* at 5; Doc. 10 at 8.) After the parties were unable to reach a resolution, Plaintiff filed suit in Maricopa County Superior Court on December 15, 2020. (Doc. 1-3.) Plaintiff filed the suit as a Tier 1 case, alleging the amount in controversy fell below $50,000. (*Id.*) Defendants removed the action on February 25, 2021. (Doc. 1.)

Plaintiff's complaint brings claims for breach of contract and bad faith and seeks attorneys' fees and punitive damages. (Doc. 1-3.) And, contrary to Plaintiff's current lowball valuations, in his settlement letter, Plaintiff represented to Defendants that the value of his claims would "far exceed" $100,000 if the case were to proceed and noted that punitive damages "could exceed a quarter of a million dollars." (Doc. 10 at 7-9.) Plaintiff cannot backtrack from such valuations to avoid removal now. Because Plaintiff values his burglary-related loss, alone, at $35,269.31, Plaintiff seeks attorneys' fees, and Plaintiff pursues an award of punitive damages, the Court concludes that the amount in controversy exceeds $75,000 such that diversity jurisdiction is present. Consequently,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 8) is **DENIED.**

Dated this 4th day of May, 2021.

Douglas L. Rayes
United States District Judge

- 2 -