WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Robin,<br><br>        Plaintiff,<br><br>v.<br><br>Allied Insurance Company of America and Nationwide Agribusiness Insurance,<br><br>        Defendants. | No. CV-21-00334-PHX-DLR<br><br>**ORDER** |

Pending before the Court is Defendants Allied Insurance Company of America's and Nationwide Agribusiness Insurance's (collectively, "Nationwide")[1] motion for summary judgment, which is fully briefed. (Docs. 27, 34, 35.) The Court grants the motion.[2]

**I. Background**

In December 2018, a Metro PCS store owned by Plaintiff Christopher Robin was burglarized. (Doc. 27 at 22-31.) Mr. Robin reported the claim to Nationwide that same month, asserting a loss of $35,269 in phones and cash. (Doc. 34 at 69-70.) Nationwide immediately tried to contact him, seeking additional documentation, but Mr. Robin did not

---

[1] The Court notes that Defendants' answer denies that Plaintiff ever had a policy with Nationwide Agribusiness Insurance, instead admitting that the policy was held by Allied Insurance Company of America. (Doc. 7 at 2.) The Court refers to the Defendants as "Nationwide" because that's the moniker they chose in their motion to dismiss. (Doc. 27.)

[2] Oral argument is denied because the motions are adequately briefed and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

respond to any of the several communications. (Doc. 27 at 40, 44, 46-47, 49, 51, 54.) After more than a month of waiting, Nationwide denied and closed his claim. (*Id.* at 54.)

Still, Nationwide continued reaching out to Mr. Robin. He began responding in March 2019, submitting a Sworn Proof of Loss with several sections left blank. (*Id.* at 76-79.) Thus began the six-month back-and-forth where Nationwide would receive some form of documentation from Mr. Robin and then write him back saying he had not provided all of the requested documentation and listing the requested documentation again. This dance ended in August 2019, when Nationwide having fruitlessly asked many times for the business's 2018 tax returns, "a detailed sales report for the period November 15, 2018 through December 31, 2018 showing the items sold and case and credit card break-down," and purchase reports for the same period, finalized the investigation and valued Mr. Robin's loss at $3,327. (*Id.* at 33.)

Mr. Robin disagreed with this assessment and, through his lawyer, sent a demand letter, seeking a settlement of $50,000 in lieu of litigation. (Doc. 34 at 35-27.) He enclosed documentation with the letter, but he did not enclose the tax return, sales report, or purchase report for the dates Nationwide had requested.[3] (*Id.* at 35-59.) Nationwide considered this information but ultimately declined to reassess the valuation. Mr. Robin brought this suit, alleging breach of contract and bad faith and seeking punitive damages. (Doc. 1-3.) Nationwide now moves for summary judgment on both claims.

**II. Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make

---

[3] Mr. Robin provided purchase invoices for December 15, 2018 to December 19, 2018, far short of the requested period of November 15, 2018 to December 31, 2018.

- 2 -

a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

**III. Discussion**

    **A. Breach of contract**

Nationwide argues that it did not breach the contract because Mr. Robin substantiated only $3,327 of his $35,209 claim according to the terms of the insurance policy. (Doc. 27 at 156-164.) Under the terms of the policy, which control here, *Tolifson v. Globe Am. Cas. Co.*, 672 P.2d 983, 984 (Ariz. Ct. App. 1983), Nationwide could ask Mr. Robin to provide certain documentation of his claim, including, but not limited to:

> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, amount of loss claimed and a detailed description of each item.
>
> (6) As often as may be reasonably required, permit us to inspect the damaged property and examine your books and records, including financial records and tax returns.
>
> Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> (7) Send us a signed, sworn proof of loss containing the information we request within 60 days after our request. We will supply you with the necessary forms.
>
> (8) Cooperate with us in the investigation or settlement of the claim.

(Doc. 27 at 6-7, 58.)

Nationwide requested but never received tax returns for 2018, "a detailed sales report for the period November 15, 2018 through December 31, 2018 showing the items sold and case and credit card break-down," and purchase reports for the same period. (*Id.* at 33.) Nationwide had a right under the policy to request these documents, and there is no evidence that it would have been impossible or needlessly difficult for Mr. Robin to provide these documents within the eight-month timespan that Nationwide conducted its investigation. Based on the requested documentation Mr. Robin did provide, Nationwide calculated a $3,327 loss. (Doc. 27 at 156-164.) Mr. Robin does not dispute this math.

Instead, he argues that that he documented the extent of his losses on a phone call and in a "Contents Loss Inventory" (essentially a list of what Mr. Robin was claiming was stolen but which had not been corroborated as stolen). (Doc. 34 at 3, 8.) But both the call and the list were the very things that Nationwide was trying to corroborate by seeking tax returns, and inventory and purchase lists for specific dates. Nationwide was not required to accept Mr. Robin's bare claim on faith; the policy allowed it to request corroborating documentation. This does not create a material dispute of fact.

Mr. Robin also argues that he "complied with Nationwide and sent them the documents needed to process his claim" citing his deposition testimony:

> I provided [an] inventory list. I provided invoices of the purchases. I provided my POS systems end-of-day report indicating how much money, cash was taken in. I believe I proved bank statements when – when funds were put into my account, and showing that none of those funds were deposited into my account.

(*Id.* at 3-4, 78.) But the inventory lists and invoices of purchases in the record do not cover the dates requested. (*Id.* at 36, 44-45, 70.) And nowhere does he claim or offer evidence that he provided his 2018 tax returns. His testimony does not create a material dispute of fact.

This is no breach of contract. Nationwide is entitled to judgment on this claim.

**B. Bad faith**

To defeat summary judgment on the bad faith claim, Mr. Robin must have evidence not only of the absence of an objective reasonable basis for denying the claim, but also that Nationwide knew or recklessly disregarded the absence of a reasonable basis for denying the claim. *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981). An insurer's failure to pay a claim is not unreasonable when the claim's validity is "fairly debatable." *Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 236 P.3d 421, 442 (Ariz. Ct. App. 2010). "Even if ultimately wrong, if a reasonable basis existed for denying the claim, the insurer cannot be liable for bad faith." *Aetna Cas. & Sur. Co. v. Superior Court*, 778 P.2d 1333, 1336 (Ariz. Ct. App. 1989).

Nationwide argues that the record shows an objectively reasonable basis for denying the claim because it paid out the losses for which Mr. Robins provided documentation. Mr. Robin disagrees, arguing that Nationwide lacked an objectively reasonable basis for denying the claim because it conducted an unreasonable investigation when it (1) temporarily denied and closed his claim in January and (2) failed to reconsider its valuation of Mr. Robin's loss when Mr. Robin sent additional documentation after the investigation finished. The Court addresses each in turn.

First, the temporary denial and closure. Mr. Robin seems to argue that the temporary denial and closure shows that Nationwide never intended to pay the full amount of Mr. Robin's claim. This makes no sense. It is undisputed that Nationwide denied and closed Mr. Robin's claim only after he remained inexplicably incommunicado for a month after submitting his claim, despite Nationwide's five attempts to contact him. Nationwide explained that it closed and denied the claim because of lack of cooperation. Mr. Robin provides no evidence to dispute this rationale. Besides, Nationwide re-opened the claim once Mr. Robin finally began communicating. No reasonable jury could find bad faith on this basis.

Second, the additional documentation filed after the payout. The additional documentation was, in actuality a "TIME LIMIT DEMAND – SUBJECT TO RULE 408 OF ARIZ. RULES OF EVIDENCE" that demanded a $50,000 settlement, not the losses

Mr. Robin originally claimed. (Doc. 34 at 35.) Notably, the letter stated "This letter is a demand for settlement purposes only . . . . the use of this letter for any other purposes would be objected to at trial." (Doc. 34 at 35.) Mr. Robin cannot block Nationwide from using the letter for non-settlement purposes and then employ it himself for non-settlement purposes. Even if it were applicable here, the demand letter still did not enclose the information Nationwide requested. This does not show bad faith.

**IV. Conclusion**

Nationwide has shown that there is no genuine dispute of material fact as to breach of contract and bad faith claims against it, and that it is entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 27) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 1st day of August, 2022.

Douglas L. Rayes
United States District Judge